IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Jacques Jeanlouis, | : | Case No. 3:04 CV 7702 |
| Plaintiff, | : | |
| v. | : | |
| Product Action, et al., | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Defendants. | : | |

This employment discrimination case, filed pursuant to 42 U.S.C. § 1981, was referred to the undersigned Magistrate for report and recommendation. Pending is Defendant's Motion to Dismiss (Docket No. 31) to which Plaintiff filed a Response to the Motion to dismiss (Docket No. 35). For the reasons that follow, the Magistrate recommends that Defendant's Motion to Dismiss be denied.

### FACTUAL BACKGROUND

Plaintiff, a black male residing in Oregon, Ohio, was formerly employed by Defendant Product Action International (Product Action). Defendants Product Action, a quality control service provider, is located on Telegraph Road, Toledo, Ohio. Laurie Bentley is apparently employed by Defendant Product Action.

Plaintiff alleges that he was a reliable and responsible employee who was wrongfully terminated on or about July 17, 2003. He claims that (1) he was denied due process as "promised in the company manual" and (2) other similarly situated white employees have engaged in similar work violations without discharge.

### PROCEDURAL BACKGROUND

Plaintiff, *pro se*, filed a complaint with a jury demand on November 8, 2004. Patrick S. Mason, attorney at law, entered an appearance as Plaintiff's counsel on April 22, 2005. On May 5, 2005, Defendants filed their initial disclosures as required by FED. R. CIV. P. 26(a)(1). Plaintiff, through counsel, filed his initial disclosures on May 6, 2005.

Defendants filed a Motion to Compel Discovery requesting that Plaintiff respond to the interrogatories and requests for production and to schedule a deposition. Neither Plaintiff nor his counsel of record responded to Defendants' requests to schedule a deposition. On March 9, 2006, Defendants filed a Motion to Compel Plaintiff's attendance at a deposition scheduled for March 16, 2006. Neither Plaintiff nor his counsel responded to the Motion to Compel.

On March 16, 2006, Defendants filed a Motion to Dismiss for lack of prosecution pursuant to FED. R. CIV. P. 41(b)[1] and for failure to comply with discovery requests. The Court conducted a telephone status conference on May 26, 2006 during which Plaintiff outlined his unsuccessful attempts to contact his counsel or retain other counsel. The deadline for responding to the Motion to Dismiss was extended to June 5, 2006. On June 5, 2006, Plaintiff, *pro se*, responded to the Motion to Dismiss. In response, Plaintiff requested a thirty-day extension of time within which to retain new counsel or file a responsive pleading.

## DISCUSSION

Defendants seek involuntary dismissal of the complaint for Plaintiff's failure to (1) cooperate

---

[1] FED. R. CIV. P. 41(b) permits the dismissal of action as follows:

For the failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

with Defendants' efforts to conduct discovery, (2) comply with FED. R. CIV. P. 26(a)(1)[2] by filing incomplete and inadequate initial disclosures, and (3) comply with this Court's order requiring counsel's attendance at a status conference on March 14, 2006. In the alternative, Defendants requests that pursuant to FED. R. CIV. P. 37[3], the Court impose sanctions for Plaintiff's (1) failure to make required disclosures pursuant to FED. R. CIV. P. 26(a)(1), (2) schedule a deposition and (3) participate in a telephone status conference. *Involuntary Dismissal Pursuant to FED. R. CIV. P. 41(b)*

Defendants request that Plaintiff's complaint be dismissed, with prejudice, for the failure to prosecute his alleged claim, comply with the rules of and attend a status conference. Plaintiff concedes that he failed to prosecute the alleged claims or proceed as scheduled. However, he has been unable to communicate with his counsel. He requests that the Court grant him an extension of time within which to obtain new counsel and/or comply with outstanding discovery requests.

The Sixth Circuit has developed a four-prong analysis for assessing the appropriateness of a district court's decision to dismiss a case for failure to prosecute. *Mulbah v. Detroit Board of Education,*

---

[2] .... A party must, without awaiting a discovery request, provide to other parties:

(A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses. . . (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses. . .(C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

FED. R. CIV. P. 26(a) (1).

[3] (A) If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action. Fed. R. Civ. P. 37 (a) (1) (2).

261 F.3d 586, 589 (6th Cir.2001). This analysis includes consideration of the following: (1) Whether the party's failure is due to willfulness, bad faith or fault[4]; (2) Whether the adversary was prejudiced by the dismissed party's conduct; (3) Whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) Whether less drastic sanctions were imposed or considered before dismissal of the action. *Id.* (*citing Knoll v. American Telegraph & Telephone*, 176 F.3d 359 (6th Cir. 1999) (*citing Stough v. Mayville Community Schools,* 138 F.3d 612, 615 (6th Cir. 1998); *see also Harmon v. CSX Transportation,* 110 F.3d 364, 366-367 (6th Cir. 1997) *cert. denied,* 118 S. Ct. 178 (1997)). While these factors are not dispositive, a case may be dismissed if there is a clear record of delay or contumacious conduct by plaintiff. *Id*.

In undertaking this four-part analysis, the Magistrate cannot find that Plaintiff's failure to conduct discovery or cooperate with Defendant's discovery requests was motivated by bad faith, willfulness or fault of his own. The Magistrate does find, however, that Defendants have been prejudiced by the delay. In addition to the hours and expense expended to defend this litigation, Defendants have also been deprived of the opportunity to prepare their defenses, discover witnesses and prepare for trial.

A question arises as to whether counsel's failure to represent Plaintiff has resulted in legal harm. In the context of a Rule 41(b) dismissal, the Supreme Court deems a client bound by the acts of his or her lawyer and is considered to have notice of all facts which can be charged to his or her attorney. *Link v. Wabash Railroad*, 82 S. Ct. 1386, 1390 (1962) (*citing Smith v. Ayer,* 101 U.S. 320,326 (1879)). The Sixth Circuit, however, has expressed reluctance to uphold the dismissal of a case simply to discipline the party's attorney. *Mulbah*, 261 F. 3d at 590 (*citing Knoll*, 176 F.3d at 363; *Buck v. United States*

---

[4] For a plaintiff's actions to be motivated by bad faith, willfulness, or fault, his or her conduct must display either an intent to thwart the judicial proceedings or a reckless disregard for the effect of his or her conduct on those proceedings. *Mulbah, supra*, 261 F.3d at 591.

4

*Department of Agriculture,* 960 F.2d 603, 608 (6th Cir.1992)).

The evidence shows that Plaintiff was not personally responsible for failing to conduct discovery, making the initial disclosures or attending the telephone status conference. The initial disclosures were complied and drafted by Plaintiff's counsel. Plaintiff relied on his counsel to prepare and coordinate his responses. The communications regarding discovery have occurred between counsel for Defendants and Plaintiff. There is no evidence that any communication was directed to Plaintiff's personal attention.

Accordingly, the Court will not impose sanctions at this juncture since the Court did not warn Plaintiff or his counsel that failure to make such disclosures or comply with discovery requests would result in dismissal. The Magistrate recommends that Plaintiff (1) supplement his initial disclosures, interrogatories, requests for production of documents and any other pending requests for discovery, (2) schedule a time for him to be deposed by Defendants and (3) advise the Court if counsel has been retained by August 15, 2006. In the event that Plaintiff fails to comply with this Order, the Court will reconsider the merits of imposing sanctions pursuant to FED. R. CIV. P. 37 or ordering an involuntary dismissal pursuant to FED. R. CIV. P. 41(b).

*Sanctions pursuant to Fed. R. Civ. P. 26.*

In the alternative, Defendants suggest that sanctions be imposed for Plaintiff's failure to provide initial disclosures pursuant to FED. R. CIV. P. 26. The Magistrate construes Defendants' request as a motion to compel disclosure and for appropriate sanctions. Plaintiff is willing to provide the requisite disclosures.

If a party fails to make a disclosure as required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must be accompanied by a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action. FED. R. CIV. P. 37(2)(A).

5

In this case, Defendants certified that they have attempted to confer with counsel for Plaintiff on several occasions (Docket No. 31). Plaintiff's counsel failed to file a timely reply and attempts to contact him have been unsuccessful. The Court will not impose sanctions at this time if Plaintiff supplements his initial disclosures by **August 4, 2006,** and participates in a telephone status conference scheduled on **Tuesday, August 8, 2006, at 10:30 a.m.** The Court will reconsider the merits of Defendants' request for sanctions or dismissal if Plaintiff fails to comply with this recommendation.

## CONCLUSION

For these reasons, the Magistrate recommends that the Motion to Dismiss be denied, that Plaintiff supplement his initial disclosures, interrogatories and request for production of documents, schedule a time to be deposed by Defendants and advise the Court if counsel has been retained by August 1, 2006 and that the parties and counsel participate in a telephone conference on **Tuesday, August 8, 2006, at 10:30 a.m.**

/s/Vernelis K. Armstrong
Vernelis K. Armstrong
United States Magistrate Judge

## NOTICE

Please take notice that as of this date the Magistrate's Report and Recommendation attached hereto has been filed.

Please be advised that, pursuant to Rule 72.3(b) of the Local Rules for this district, the parties have ten (10) days after being served in which to file objections to said Report and Recommendation. A party desiring to respond to an objection must do so within ten (10) days after the objection has been served.

Please be further advised that the Sixth Circuit Court of Appeals, in *United States v. Walters*, 638

F.2d 947 (6th Cir. 1981) held that failure to file a timely objection to a Magistrate's Report and Recommendation foreclosed appeal to the Court of Appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the Court of Appeals to condition the right of appeal on the filing of timely objections to a Report and Recommendation.